```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
                                :        ECF CASE
MARCI STEIN,                    :
                                :        05 Civ. 3729 (WCC)
              Plaintiff,        :
                                :
       - against -              :        OPINION
                                :        AND ORDER
THE COUNTY OF WESTCHESTER, N.Y.,:
HENDRICK HUDSON SCHOOL DISTRICT N.Y.
and JOAN THOMPSON, individually and in :
her capacity as Superintendent of
Schools for the Hendrick Hudson School :
District,
                                :
              Defendants.
                                :
-------------------------------X
```

**A P P E A R A N C E S :**

        LOVETT & GOULD, LLP
        **Attorneys for Plaintiff**
        222 Bloomingdale Road
        White Plains, New York  10605

JONATHAN LOVETT,, ESQ.

    Of Counsel

        COLLIER, HALPERN, NEWBERG,
          NOLLETTI & BOCK, LLP
        **Attorneys for Defendant The County**
          **of Westchester**
        One North Lexington Avenue
        White Plains, New York 10601

PHILIP M. HALPERN, ESQ.

    Of Counsel        Of Counsel to:

        CHARLENE M. INDELICATO
        WESTCHESTER COUNTY ATTORNEY
        148 Martine Avenue
        White Plains, New York  10601

**CONNER, Senior D.J.:**

Plaintiff Marci Stein commenced this action against defendants County of Westchester (the "County"), Hendrick Hudson School District (the "District") and District Superintendent Joan Thompson pursuant to 42 U.S.C. § 1983 for violation of her Fourteenth Amendment rights arising out of her criminal prosecution for rape, sodomy and lesser crimes committed against three of plaintiff's minor students.[1] Plaintiff alleges that Westchester County District Attorney Jeanine Pirro and certain assistant district attorneys conspired with the District to knowingly withhold exculpatory evidence from Stein during her criminal trial. Specifically, defendants failed to notify plaintiff's defense attorney before trial that two of the three minors—called as prosecution witnesses at trial—had filed civil damages claims against the District for Stein's alleged actions. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

Presently before the Court is the County's motion to dismiss plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted or, in the alternative, to strike certain pleadings pursuant to FED. R. CIV. P. 12(f). For the reasons set forth herein, the motion to dismiss is granted.

**BACKGROUND**

In August 2000, a Westchester County Grand Jury returned a seventeen-count indictment against Stein, then a high school teacher in the District, for sexual behavior involving three of her students. (Complt. ¶ 14; Halpern Aff. ¶¶ 4, 5.) The indictment charged Stein with six counts of

---

[1] Thompson and the District are no longer parties to the action, the claims against them having been discontinued with prejudice by stipulations dated June 29, 2005 and August 5, 2005.

1

sexual abuse in the third degree, five counts of sodomy in the third degree, one count of rape in the third degree, two counts of unlawfully dealing with a child in the first degree and three counts of endangering the welfare of a child. (Complt. ¶ 14; Halpern Aff. ¶ 4.)

On August 4, 2001, a jury convicted Stein on five counts of sodomy in the third degree, two counts of sexual abuse in the third degree, one count of rape in the third degree, one count of unlawfully dealing with a child in the first degree and one count of endangering the welfare of a child. (Complt. ¶ 15; Halpern Aff. ¶ 7 & Ex. D.) Stein was acquitted on the five remaining counts. (Halpern Aff. ¶ 7 & Ex. D.) On October, 30, 2001, Stein was sentenced to consecutive terms of imprisonment for an aggregate maximum of twelve years and a minimum of four years. (Complt. ¶ 16; Halpern Aff. ¶ 8.)

Three years later, on August 9, 2004, the Appellate Division of the Supreme Court of New York, Second Department, unanimously reversed the judgment and ordered a new trial. (Complt. ¶ 17; Halpern Aff. ¶ 9.) The Appellate Division found that Stein was denied a fair trial under *Giglio v. United States*, 405 U.S. 150 (1972), and *Brady v. Maryland*, 373 U.S. 83 (1963), "by the People's failure to disclose that two of the complainants had filed notices of claim with the defendant's employer, a school district, attempting to hold it responsible for the defendant's alleged criminal conduct."[2] *Stein*, 10 A.D.3d at 407. On February 16, 2005, Stein pled guilty to three counts of

---

[2] The Appellate Division's opinion went on to state:
> Evidence that two of the complainants were seeking damages based on the defendant's conduct which only they had witnessed was highly relevant to the issue of their credibility. The failure to turn over this evidence was aggravated by the prosecutor's argument during summation that there was no evidence that the complainants were bringing civil lawsuits as a result of the defendant's conduct. There is a reasonable probability that this failure to disclose affected the outcome of the trial.

*People v. Stein*, 10 A.D.3d 406, 407, 781 N.Y.S.2d 654 (2d Dep't 2004) (internal citations omitted).

endangering the welfare of a child, which represented one count as charged in the original indictment and two counts constituting reduced charges. (Halpern Aff. ¶ 10; Pl. Mem. Opp. Mot. Dismiss at 4.) She was resentenced to three, concurrent one-year terms of imprisonment, and released based on time served. (Halpern Aff. ¶ 10; Pl. Mem. Opp. Mot. Dismiss at 4.)

**DISCUSSION**

**I.     Standard of Review**

On a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the issue is "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984). A court's task in determining the sufficiency of a complaint is "necessarily a limited one." *Id.* A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Padavan v. United States*, 82 F.3d 23, 26 (2d Cir. 1996) (quoting *Hughes v. Rowe*, 449 U.S. 5, 10 (1980)). Generally, "[c]onclusory allegations or legal conclusions masquerading as factual conclusion s will not suffice to prevent a motion to dismiss." 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.34[1][b] (3d ed. 1997); *see also Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1088 (2d Cir. 1995). On a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all of the well-pleaded facts and consider those facts in the light most favorable to the plaintiff. *See Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir. 1993); *In re AES Corp. Sec. Litig.*, 825 F. Supp. 578, 583 (S.D.N.Y. 1993) (Conner, J.).

## II.     Effect of Conviction and Guilty Plea on Plaintiff's § 1983 Claim

A plaintiff may recover under § 1983 against any individual acting under color of state law who has caused him or her to be deprived "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.[3]  42 U.S.C. § 1983; *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

Plaintiff alleges that the "notoriously corrupt and unethical managerial practices" of Pirro caused the County to violate Stein's Fourteenth Amendment due process rights. (Complt. ¶ 23.) According to plaintiff, given the Appellate Division's findings that her rights under *Brady* and *Giglio* were violated, she is entitled to damages "for the more than three years' imprisonment she suffered by reason of [the] unlawful judgment." (Pl. Mem. Opp. Mot. Dismiss at 4-5.)

Defendants contend that plaintiff's claim is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which denied a § 1983 claim where success on the claim necessarily would call into question the validity of the claimant's conviction or sentence. We agree that *Heck*, as interpreted by the Court of Appeals for the Second Circuit, bars plaintiff's claim.

The Supreme Court stated that "when a state prisoner seeks damages in a § 1983 suit, the

---

[3] Section 1983 provides:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress.
42 U.S.C. § 1983.

district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If so, the court must dismiss the complaint "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* The Court explained that this could be done by proving "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote and citation omitted).

The Court drew an analogy to the "favorable termination" element in malicious prosecution actions. *See id.* at 484. Courts ruling on those actions have had occasion to comment on what constitutes favorable termination; we find their principles applicable here. "'Where the prosecution did not result in an acquittal, it is deemed to have ended in favor of the accused . . . only when its final disposition is such as to indicate the innocence of the accused.'" *Hernandez v. City of Rochester*, 260 F. Supp. 2d 599, 615 (W.D.N.Y. 2003) (quoting *Murphy v. Lynn*, 118 F.3d 938, 948 (2d Cir. 1997), *cert. denied*, 522 U.S. 1115 (1998) (collecting cases)). Indication of innocence depends on the nature and circumstances of the termination, determined by whether the failure to proceed "impl[ies] a lack of reasonable grounds for the prosecution." *Id.* (internal quotations omitted). However, "[t]he accused need not establish his innocence, nor is it necessary that a dismissal affirmatively indicate the innocence of the accused to qualify as a favorable termination." *Dallas v. Goldberg*, No. 95 Civ. 9076, 2002 WL 1013291, at *7 (S.D.N.Y. May 20, 2002) (citing *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 195-96, 734 N.E.2d 750, 712 N.Y.S.2d 438 (2000) (defining "favorable termination")). Nevertheless, "[t]ermination of the criminal proceedings will not be deemed favorable to the accused where the termination is fundamentally inconsistent with the

5

innocence of the accused." *Id.*

Here, plaintiff's Complaint is rooted in a Fourteenth Amendment due process violation under *Giglio* and *Brady* for the prosecution's failure to reveal exculpatory material. In *Amaker v. Weiner*, the Second Circuit found that such a claim "does indeed call into question the validity of his conviction." 179 F.3d 48, 51 (2d Cir. 1999). While plaintiff argues that reliance on *Amaker* is "[u]tterly lacking in merit" because there the plaintiff pursued his § 1983 action while his conviction was still on appeal (Pl. Mem. Opp. Mot. Dismiss at 12), we find the Second Circuit's specific conclusion regarding this matter dispositive. Plaintiff asserts that she is entitled to damages "for the more than three years' imprisonment she suffered by reason of [the] unlawful judgment." (*Id.* at 4.) Consequently, her § 1983 action questions both the validity of her original confinement and that portion applied to her guilty plea. Even if plaintiff seeks damages solely for any "extra" time served, it nevertheless imputes an illegitimacy to her plea and sentence. We do not see any basis for, or find any authority supporting, the separation of these two periods of imprisonment for purposes of a § 1983 action. *Cf. Olsen v. Correiro*, 189 F.3d 52, 66-70 (1st Cir. 1999) (examining various analogies to justify denial of § 1983 action for original period of imprisonment following reversal and subsequent plea of *nolo contendere* to reduced charge).

In addition, plaintiff can neither establish that her civil action does not affect the validity of her confinement, nor demonstrate that her conviction has already been invalidated for the following reason. Although plaintiff's conviction was nominally "reversed" on direct appeal, the Appellate Division in actuality merely "vacated" the judgment and ordered a new trial on the same charges. *Stein*, 10 A.D.3d at 406. Critical to our decision is the unavoidable reality that the Appellate Division did not exonerate plaintiff. And plaintiff's ultimate guilty plea to lesser included charges

6

is fatal to her § 1983 claim. "[W]here a prosecution ends because of a compromise with the accused," a favorable termination does not exist. *Dallas*, 2002 WL 1013291, at *7 (citing *Smith-Hunter*, 95 N.Y.2d at 196-97 ("Indeed, it is hornbook law that 'where charges are withdrawn or the prosecution is terminated . . . by reason of a compromise into which [the accused] has entered voluntarily, there is no sufficient termination in favor of the accused.'" (citing Prosser & Keeton, *Torts* § 119, at 875 (5th ed.)))).

Our reading of *Heck* is consistent with that of the Second Circuit in *DiBlasio v. City of New York*, 102 F.3d 654 (2d. Cir. 1996).[4] *DiBlasio* concerned the effect of a grant of writ of habeas corpus on a malicious prosecution claim. There, the claimant was originally convicted for criminal sale of a controlled substance (cocaine) in the first, second and third degrees and criminal possession of a controlled substance in the fourth degree. Having secured a writ of habeas corpus based on the prosecution's failure to produce or identify a confidential informant, DiBlasio was retried and convicted only of unlawful possession. The Second Circuit affirmed the motion to dismiss for failure to state a claim because DiBlasio could not satisfy the favorable termination element. *Id.* at 659.

In examining the language of *Heck*'s holding that a § 1983 claimant must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," 512 U.S. at 486-87 (footnote and citation omitted), the

---

[4] Plaintiff argues that *DiBlasio* is "[i]rrelevant to the analysis" of her case because *DiBlasio* involved a malicious prosecution claim whereas her case does not. (Pl. Mem. Opp. Mot. Dismiss at 17.) We disagree as this argument ignores the fact that the *Heck* Court, in analyzing a non-malicious prosecution § 1983 claim, analogized to a malicious prosecution action, specifically the favorable termination requirement. *See Heck*, 512 U.S. at 484.

7

Second Circuit declined to adopt a literal interpretation. "If interpreted literally, this sentence would seem to mean that any time a conviction is overturned by a writ of habeas corpus there has been a final determination in favor of the accused. We are not convinced that this is what the *Humphrey* Court intended." *DiBlasio*, 102 F.3d at 658. The Court of Appeals noted: "Although in some instances a habeas court may terminate a criminal proceeding in the defendant's favor, the reversal of a conviction and remand for a new trial does not constitute such a termination." *Id.*

As in *DiBlasio*, the Appellate Division expressly ordered a new trial that resulted in Stein's guilty plea to three counts of endangering the welfare of a child, "a substantial issue in the case from its outset." *Id.* The Appellate Division decision does not constitute an indication of plaintiff's innocence and therefore cannot amount to a favorable termination. Consequently, plaintiff's § 1983 action cannot stand. Therefore, we need not address defendant's motion in the alternative to strike certain allegations in the Complaint.

## CONCLUSION

For all of the foregoing reasons, the motion of defendant County of Westchester to dismiss the action pursuant to FED. R. CIV. P. 12(b)(6) is granted.

SO ORDERED.

Dated: White Plains, New York
       January 17, 2006

*William C. Conner*
Sr. United States District Judge

8